IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLAUDIA SAMPEDRO, DESSIE PILEK      )
a/k/a DESSIE MITCHESON,             )
JANET GUZMAN, PAOLA CANAS,          )
ROSA ACOSTA, SANDRA VALENCIA,       )
MONICA LEIGH BURKHARDT,             )    Case No. 25-cv-280-SMY
JESSICA HINTON a/k/a JESSA          )
HINTON, GALLIENNE NABILA,           )
And STEPHANIE RAO,                  )
                                    )
            Plaintiffs,             )
                                    )
vs.                                 )
                                    )
NATIONAL SPORTS AND                 )
RECREATION COMPANY, CORP, d/b/a     )
OZ NIGHTCLUB and                    )
JAY S. DINKELMANN,                  )
                                    )
            Defendants.             )

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiffs filed this action against Defendants National Sports and Recreation Company, Corp. d/b/a Oz Nightclub and Jay S. Dinkelmann alleging the misappropriation and unauthorized use of Plaintiffs' images and likeness to promote Oz Nightclub. Plaintiffs assert federal claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), § 1125(a)(1)(B) and state law claims for negligence and respondent superior. Now pending before the Court is Defendants' Motion to Dismiss (Doc. 13), which Plaintiffs oppose (Doc. 17). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

## Background

The following factual allegations are taken from Plaintiffs' Complaint and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008):

Plaintiffs are well-known professional models who earn their livelihood modeling and licensing their images to companies, magazines, and individuals for the purpose of advertising products and services. Plaintiffs' careers in the modeling industry place a high degree of value on their goodwill and reputation, which is critical to maximizing their earning potential, booking modeling contracts, and establishing each of their individual brands. Plaintiffs are selective concerning the companies and brands for which they model in furtherance of establishing and maintaining their brands.

Without Plaintiffs' knowledge or authorization, Defendants misappropriated and intentionally altered Plaintiffs' images to make it appear they worked at, endorsed, or were otherwise associated with or affiliated with Oz Nightclub. Plaintiffs were not compensated for Defendants' improper use of their images. As a result of Defendants' conduct, Plaintiffs have sustained injury to their reputations, images, brands, and marketability due to the negative connotations of false affiliation with Oz Nightclub. Defendants knew they were violating Plaintiffs' rights and creating a false impression to potential customers that Plaintiffs worked at or endorsed Oz Nightclub.

### Discussion

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the

plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

## Lanham Act

There are two bases of liability under the Lanham Act: (1) false representations concerning the origin, association or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress or other device (otherwise known as "false association" or "false endorsement") and (2) false representations in advertising concerning the qualities of goods or services ("false advertising"). *See* 15 U.S.C. § 1125(a)(1).

### *False Endorsement (Count I)*

To state a claim for false endorsement, Plaintiffs plead facts suggesting the alleged infringement likely caused customers to believe that Plaintiffs endorsed Oz Nightclub. *See Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509, 522 (7th Cir. 2014). A false endorsement claim based on the unauthorized use of one's identity "alleges the misuse of a trademark, ... such as a visual likeness, vocal imitation, or other uniquely distinguishing characteristic, which is likely to confuse consumers as to the plaintiff's sponsorship or approval of the product." *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1110 (9th Cir. 1992), *abrogated on other grounds by Lexmark*, 572 U.S. at 135–36. In such cases, "[t]he 'mark' at issue is the plaintiff's identity." *Stayart v. Yahoo! Inc.*, 651 F. Supp. 2d 873, 881 (E.D. Wis. 2009), *aff'd*, 623 F.3d 436 (7th Cir. 2010). Popularity or celebrity status are not a necessary prerequisite for a successful false endorsement claim under the Lanham Act. *Id.*

Courts consider a number of factors to determine whether the use of a mark creates the likelihood of confusion, including: (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff." *CAE, Inc. v. Clean Air Eng'g, Inc.,* 267 F.3d 660, 677–78 (7th Cir. 2001). The likelihood of confusion analysis is typically fact-intensive and "ordinarily does not lend itself to a motion to dismiss." *Slep-Tone Ent. Corp. v. Coyne*, 41 F. Supp. 3d 707, 714–15 (N.D. Ill. 2014) (collecting cases).

Here, Plaintiffs allege Defendants' use of their likenesses has caused actual consumer confusion regarding whether Plaintiffs endorse Oz Nightclub. Plaintiffs also contend that they are well-known and successful models from which it may be reasonably inferred that their images have a high level of recognition among the segment of society for whom Oz Nighclub's services are intended. They allege Defendants' advertisements use their attractiveness to lure consumers to their establishment. Plaintiffs have sufficiently stated a claim for false endorsement at the pleading stage.

### False Advertising (Count II)

To state a claim of false advertising under the Lanham Act, a plaintiff must allege that a defendant: "(1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999); *see* 15 U.S.C. § 1125(a)(1)(B). "Where the statement in question

is actually false, then the plaintiff need not show that the statement either actually deceived consumers or was likely to do so." *B. Sanfield*, 168 F.3d at 971.

Plaintiffs have sufficiently pleaded the elements of a false advertising claim under the Lanham Act. They allege Defendants' unauthorized use of each plaintiff's image in its advertisements constitutes a false or misleading statement of fact that each Plaintiff works at, or is affiliated with, Oz Nightclub.  They further allege: the attached exhibits of Oz Nightclub advertisements suggest that Plaintiffs are entertainers at the nightclub; the false advertising in the exhibits was likely to deceive consumers into believing that Plaintiffs worked at Oz Nightclub; Defendants' unauthorized use was material and influenced the decisions of consumers to patronize Oz Nightclub; and the Oz Nightclub advertisements on websites and social media occur in and are targeted toward interstate commerce.  Finally, Plaintiffs have sufficiently alleged harm to their reputation and brand.  Thus, Plaintiffs have plausibly stated a claim for false advertising.

### Negligence and Respondeat Superior (Count III)

To state a viable claim for negligence, "the plaintiff must plead…the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach." *Bruns v. City of Centralia*, 21 N.E.3d 684, 688–89 (Ill. 2014). "Under the doctrine of *respondeat superior*, a principal may be held liable for the tortious actions of an agent which cause a plaintiff's injury, even if the principal does not himself engage in any conduct in relation to the plaintiff." *Woods v. Cole*, 693 N.E.2d 333, 336 (Ill. 1998).

Defendants argue Count III is merely an attempt to circumvent the exclusivity of the Illinois Right of Publicity Act ("IRPA"), under which a "person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons."  765 Ill. Comp. Stat. 1075/30.  To state a

claim under IRPA, Plaintiffs must plead (1) the appropriation of their identity, (2) without consent, (3) for Defendants' commercial benefit. *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019).

Here, Plaintiffs' negligence claim differs significantly from a claim under the IRPA. Plaintiffs' negligence claim is grounded in Defendants' failure to promulgate policies and procedures concerning the misappropriation of the images of the models that were used on the Oz Nightclub Website and social media accounts. Alternatively, Plaintiffs allege Defendants' employees negligently posted the misappropriated images on Defendants' website and social media despite policies prohibiting them from doing so. Plaintiffs have stated a colorable negligence claim in Count III.

### Claims against Defendant Jay Dinkelmann

Corporate officers may be individually liable to third parties for participating in or assenting to torts committed by them or their corporation. *See Browning–Ferris Industries of Illinois, Inc. v. Ter Maat,* 195 F.3d 953, 955 (7th Cir.1999). In this case, the only allegations against Dinkelmann are that, according to publicly available records, he is the owner of National Sports and Recreation Company and in his capacity, he maintained operation control over Oz Nightclub.

Plaintiffs' allegations against Dinkelmann are based solely on his status as a corporate officer. They pleaded no facts which suggest Dinkelmann participated in or was directly involved with any of the alleged advertisements. Accordingly, Defendants' motion to dismiss Dinkelmann in his individual capacity will be granted.

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 13) is **GRANTED in part** and **DENIED in part.**

**IT IS SO ORDERED.**

**DATED:  March 30, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**